Consult, also, The Celestine [Id. 2,541]; The Selt [Id. 12,649], October term, 1872.

## Case No. 7,983.

### The LADY FRANKLIN.

[2 Biss. 121.] [1]

District Court, N. D. Illinois. March Term, 1869.

MARITIME LIENS—DISTRIBUTION OF PROCEEDS.

1. The lien under a claim which could be enforced against a vessel by the state law follows the proceeds of a sale made to satisfy a maritime lien.

2. It is the duty of this court to distribute the proceeds to the parties entitled to them under the law, state or federal, and parties who might have perfected their liens under the state law, had not the issue come into the admiralty court, are entitled to priority out of the proceeds.

[Cited in The William T. Graves, Case No. 17,759.]

In admiralty. The Lady Franklin was, during the year 1868, the property of the Lake Michigan Transportation Company, a corporation of the state of Michigan. Several seamen employed on board during the season of navigation of 1868, filed libels in this court for the payment of their wages. A decree was entered ordering the sale of the propeller, and she was sold by the marshal on the 25th day of January last, for the sum of $9,500, and after paying the seamen their wages, there was a surplus remaining in court of about $7,000. Several parties who, during the season of navigation of 1868, had furnished the propeller with supplies, materials, machinery, etc., upon the order of the master, and while upon the navigable waters of this state, then filed a petition in this court against the proceeds in the registry, claiming under the state law a lien upon the proceeds, and although admitting that under the general maritime law they had no lien for which they could enforce their claims in this court, they insisted that, the propeller having been sold under a maritime lien by decree of the court in admiralty, they were entitled to a pref-

erence under the state law out of the proceeds. The transportation company having, meanwhile, been adjudicated bankrupt by the district court of the United States, in the Western district of Michigan, the assignee resisted these claims and answered the petition. The statute of the state under which the petitioners claimed their liens reads as follows: "Boats and vessels of all descriptions, built, repaired or equipped, or running upon any of the navigable waters within the jurisdiction of this state, shall be liable for all debts contracted by the owner or owners, masters, supercargoes or consignees thereof, on account of all work done, supplies, or materials furnished by mechanics, tradesmen and others, for, on account of, or towards the building, repairing, fitting, furnishing or equipping such boats and vessels, their engines, machinery, sails, rigging, tackle, apparel and furniture; and such debts shall have the preference of all other debts due from the owners or proprietors, except the wages of mariners, boatmen and others employed in the service of such boats and vessels, which shall first be paid." Sections 2 and 3 provide for the issuing and return of an attachment. Section 6: "No creditor shall be allowed to enforce the lien created under the provisions of this chapter, as against, or to the prejudice of any other creditor, or subsequent incumbrancer, or bona fide purchaser, unless suit be instituted to enforce such lien as provided in this chapter, within three months (afterwards by amendment extended to nine months) after the indebtedness accrues or becomes due, according to the terms of the contract." Rev. St. 1845, p. 71; Gross' St. 1871, p. 39.

Rae & Mitchell, for petitioners.
S. W. Fuller, for assignee.

DRUMMOND, District Judge. The question for decision is whether these petitioners are entitled to a preference of payment as against the original creditors of the bankrupt; in other words, whether the fund, which is in court, should be turned over to the assignee in bankruptcy, to be distributed under the order of the court in bankruptcy for the benefit of the general creditors, or whether it should be paid over to these claimants to the extent of their demands, by this court.

There is no controversy but that, if the propeller Lady Franklin had remained, without any proceedings, in the admiralty court at the time that the claimants filed their claims against the proceeds, they would have been entitled under the law of the state to proceed by attachment and perfect their lien, or priority of payment under that law, against the Lady Franklin, and, according to the view which the court takes of the question, that substantially concedes the right, on the part of the claimants, to be paid out of the fund in court; because it is

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

the duty of the court to distribute the proceeds to the parties who under the law, state or federal, are entitled to them. For instance, if the owner, whom the assignee in bankruptcy in this case represents, had made application to the court that the proceeds should be paid over to him, in the absence of any conflicting claim an order would have been made, of course, that the money should be so paid. And so it would be in the case of a mortgage, or any other valid subsisting claim upon the propeller. As soon as the court is satisfied of the existence of such claim, the money is, of course, paid in conformity with the rights of the parties.

In this case, these parties proceed against the fund in this court, instead of against the propeller under the state law, and the court, being satisfied that under the state law they would have been entitled to a lien, or a priority of payment, this court must recognize their right when proceeding against the proceeds as against the owner, and in the case, as has already been stated, the assignee substantially represents the owner, the Michigan Transportation Company.

This principle decided by the court is in accordance with the rule laid down in the cases of Zane v. The President [Case No. 18,201]; The Packet [Case No. 10,655]; The Stephen Allen [Id. 13,361]; and Andrews v. Wall, 3 How. [44 U. S.] 568. An order will therefore be entered that from the fund in court the respective claimants be paid according to their priority.

NOTE. As to distribution of surplus, see, also, The Skylark [Case No. 12,928]; The Grace Greenwood [Id. 5,652], and cases there cited. Where a surplus remains in court, after a sale in admiralty, a party having a lien or appropriation of the vessel precedently legally fixed, may claim a distribution of such surplus, although his original demand was not such as could be proceeded for in admiralty. Harper v. The New Brig [Id. 6,090]; Bracket v. The Hercules [Id. 1,762]. In a recent case.—Francis v. The Harrison [Id. 5,038].—it is held that the lien of domestic material-men will be preferred to the demand of a subsequent mortgagee against proceeds in the registry.